UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DAVID L. SOCK, | ) |
| | ) |
| | ) |
| v. | ) Criminal No. 99-21-B-W |
| | ) |
| | ) Civil No. 06-02-B-W |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

On October 7, 1999, David Sock was sentenced to a term of 188-months imprisonment having earlier pled guilty to being a felon in possession of a firearm and an armed career criminal. Sock did not take a direct appeal. On January 6, 2006, Sock filed this 28 U.S.C. § 2255 motion arguing in two grounds that he was improperly sentenced as an armed career criminal. The United States has filed a motion to dismiss stressing that the 28 U.S.C. § 2255 motion is overtly untimely given the 28 U.S.C. § 2255 ¶ 6(1) one-year statute of limitation for filing a 28 U.S.C. § 2255 motion. Sock has not responded to the motion in any manner and, thus, he has made no argument that his plaints should be addressed under one of the other subsections of § 2255 ¶ 6.[1] I recommend that the Court

---

[1] Sock cites United States v. Booker, 543 U.S. 220 (2005) in his first ground and Shepard v. United States, 544 U.S. 13 (2005) in his second ground. The United States theorizes that Sock might mean to press his grounds under subsection (3) of § 2255 ¶ 6 which provides that the one-year § 2255 limitation period runs from, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 ¶ 6(3). In not responding to the motion to dismiss Sock has not urged the Court to consider the applicability of ¶ 6(3) to his Booker and Shepard claims. In any event, there is uniform consensus among the Circuits that Booker does not apply retroactively to cases on collateral review. See United States v. Gentry, 432 F.3d 600, 605-06 & n.4 (5th Cir. 2005); United States v. Morris, 429 F.3d 65 (4th Cir. 2005); United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005); United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir.2005); Lloyd v. United States, 407 F.3d 608, 610 (3d Cir.2005); United States v. Fraser, 407 F.3d 9, 11 (1st Cir.2005); Guzman v. United States, 404 F.3d 139, 142 (2d Cir.2005); Varela v. United States, 400

**GRANT** the United States' motion to dismiss (Civ. No. 06-02, Docket No. 4) and summarily deny Sock's 28 U.S.C. § 2255 motion because it is untimely.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 27, 2006.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge

---

F.3d 864, 868 (11th Cir.2005)(per curiam); Humphress v. United States, 398 F.3d 855, 860 (6th Cir.2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.2005). And, although the Circuits have yet to directly weigh in on the question of Shepard's retroactivity, a few District Courts have considered the Shepard retroactivity question for cases on collateral review and not one has concluded that Shepard relief is available vis-à-vis a first-time § 2255 motion brought pursuant to § 2255 ¶ 6(3). See, e.g., Snyder v. United States, Nos. 1:05-CV-822, 1:02-CR—163, 2006 WL 222816 (Jan. 30, 2006); Caballero-Banda v. United States, No. EP-05-CA-0330-DB, EP-01-CR-1404-DB, 2005 WL 2240226, *5 (Sept. 13, 2005, W.D.Tex.2005) (Briones, J.); McCleskey v. United States, No. EP-05-CA-0272-PRM, EP-03-CR-1038-PRM, 2005 WL 1958407, *6 (W.D.Tex. Aug. 15, 2005) (Martinez, Dist. J.); Darco v. United States, No. CV-04-1378 (CPS), 2005 WL 1804475, *4 (E.D.N.Y. Jul 28, 2005); Morales v. United States, Crim. No. 99-229(3), 2005 WL 807051, *7 (D. Minn. Apr. 7, 2005). For its part, the First Circuit has described Shepard's holding as "'a new rule for the conduct of criminal prosecutions.'" United States v. Mastera, 435 F.3d 56, 60 n.6, (1st Cir. 2006) (quoting Griffith v. Kentucky, 479 U.S. 314, 328 (1987)).